## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| AMERICAN OVERSIGHT, <br> 1030 15th Street NW, B255 <br> Washington, DC 20005 | ) ) ) ) ) | |
| *Plaintiff,* | ) ) | |
| v. | ) ) | Case No. 20-1169 |
| U.S. DEPARTMENT OF THE TREASURY, <br> 1500 Pennsylvania Avenue NW <br> Washington, DC 20220 | ) ) ) ) | |
| U.S. DEPARTMENT OF STATE, <br> 2201 C Street NW <br> Washington, DC 20520 | ) ) ) ) | |
| U.S. DEPARTMENT OF HEALTH AND <br> HUMAN SERVICES, <br> 200 Independence Avenue SW <br> Washington, DC 20201 | ) ) ) ) ) | |
| and | ) ) | |
| CENTERS FOR MEDICARE AND <br> MEDICAID SERVICES, <br> 7500 Security Boulevard <br> Baltimore, MD 21244 | ) ) ) ) ) | |
| *Defendants.* | ) | |

## **COMPLAINT**

1.     Plaintiff American Oversight brings this action against the U.S. Department of the Treasury, the U.S. Department of State, the U.S. Department of Health and Human Services and the Centers for Medicare and Medicaid Services under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

1

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3.      Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

4.      Because Defendants have failed to comply with the applicable time-limit provisions of FOIA, American Oversight is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining the agency from continuing to withhold agency records and ordering the production of agency records improperly withheld.

## PARTIES

5.      Plaintiff American Oversight is a nonpartisan, nonprofit section 501(c)(3) organization committed to the promotion of transparency in government, the education of the public about government activities, and ensuring the accountability of government officials. Through research and FOIA requests, American Oversight uses the information it gathers, and its analysis of it, to educate the public about the activities and operations of the federal government through reports, published analyses, press releases, and other media. The organization is incorporated under the laws of the District of Columbia.

6.      Defendant U.S. Department of the Treasury (Treasury) is a department of the executive branch of the U.S. government headquartered in Washington, D.C., and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). Treasury has possession, custody, and control of the records that American Oversight seeks.

2

7.      Defendant U.S. Department of State (State) is a department of the executive branch of the U.S. government headquartered in Washington, D.C., and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). State has possession, custody, and control of the records that Plaintiff seeks.

8.      Defendant U.S. Department of Health and Human Services (HHS) is a department of the executive branch of the U.S. government headquartered in Washington, D.C., and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). HHS has possession, custody, and control of records that American Oversight seeks.

9.      Defendant Centers for Medicare and Medicaid Services (CMS) is a component of HHS, an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). CMS has possession, custody, and control of records that American Oversight seeks.

## STATEMENT OF FACTS

*Coronavirus Sent Key Terms Requests*

10.      On March 17, 2020, American Oversight submitted FOIA requests to Treasury, State, and CMS seeking all email communications (including email messages, complete email chains, email attachments, and calendar invitations) sent by specified agency officials containing any of forty-three key terms related to the coronavirus from January 15, 2020, through the date of the search.[1]

11.      On March 18, 2020 American Oversight submitted a similar FOIA request to HHS, using the same key terms and time frame, and a list of specified officials tailored to the agency.[2]

---

[1] These requests are dated March 16, 2020, but were not filed until March 17, 2020.
[2] This request was dated March 17, 2020, but was not filed until March 18, 2020.

12.     Copies of these "Coronavirus Sent Key Terms Requests" are attached hereto as Exhibits A (Treasury FOIA), B (State FOIA), C (CMS FOIA), and D (HHS FOIA), and incorporated herein.

13.     American Oversight sought expedited processing from all four agencies for these Coronavirus Sent Key Terms Requests, citing, among other things, the urgent need to inform the public about federal decision-making regarding steps the administration has undertaken to manage a public health emergency at both national and international levels, in combination with the fact that American Oversight is primarily engaged in disseminating the information it receives from public records requests to the public.

14.     In an automatic email sent March 17, 2020, Treasury acknowledged receipt of its version of the Coronavirus Sent Key Terms Request. The email did not assign the request a tracking number.

15.     In a letter dated March 18, 2020, HHS acknowledged receipt of its version of the Coronavirus Sent Key Terms Request and assigned it tracking number 2020-00717-FOIA-OS.

16.     In a letter dated March 24, 2020, CMS acknowledged receipt of its version of the Coronavirus Sent Key Terms Request and assigned it Control Number 031720207090 and PIN ZV8P. In this letter, CMS also stated that this request "will require the additional processing time of ten (10) business days due to unusual circumstances."

17.     In a letter dated March 25, 2020, CMS granted American Oversight's request for expedited processing.

18.     In an email sent March 30, 2020, State acknowledged receipt of its version of the Coronavirus Sent Key Terms Request and assigned it tracking number F-2020-05029. In this letter, State also reported that it "will not be able to respond within the 20 days provided by the

statute due to 'unusual circumstances,'" and that it had denied American Oversight's request for expedited processing.

19.     American Oversight appealed State's denial of expedited processing on April 16, 2020. A copy of this appeal is attached hereto as Exhibit E and incorporated herein.

20.     As of the date of this Complaint, American Oversight has not received any further communication from Defendants regarding its Coronavirus Sent Key Terms Requests. American Oversight has also not received any communications from State regarding its appeal.

*Exhaustion of Administrative Remedies*

21.     As of the date of this Complaint, Defendants Treasury, State, HHS, and CMS have failed to (a) notify American Oversight of any determinations regarding American Oversight's FOIA requests, including the full scope of any responsive records Defendants intend to produce or withhold and the reasons for any withholdings; or (b) produce all of the requested records or demonstrate that the requested records are lawfully exempt from production.

22.     Through Defendants' failure to make determinations as to American Oversight's FOIA requests within the time period required by law, American Oversight has constructively exhausted its administrative remedies and seeks immediate judicial review.

23.     In addition, as of the date of this Complaint, Defendants Treasury and HHS have failed to respond to American Oversight's request for expedited processing.

24.     Through these Defendants' failure to respond to American Oversight's request for expedited processing within the time period required by law, American Oversight has exhausted its administrative remedies as to that issue and seeks immediate judicial review.

25.     Through Defendant State's denial of American Oversight's request for expedited processing, American Oversight has exhausted its administrative remedies as to that issue and seeks immediate judicial review.

26.     State has also failed to respond to American Oversight's appeal of State's denial of expedited processing within the time period required by State's regulations, 22 C.F.R. § 171.11(f)(4).

## COUNT I
### Violation of FOIA, 5 U.S.C. § 552
### Failure to Conduct Adequate Searches for Responsive Records

27.     American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

28.     American Oversight properly requested records within the possession, custody, and control of Defendants.

29.     Defendants are agencies—and a component thereof—subject to and within the meaning of FOIA and must therefore make reasonable efforts to search for requested records.

30.     Defendants have failed to promptly and adequately review agency records for the purpose of locating those records that are responsive to American Oversight's FOIA requests.

31.     Defendants' failures to conduct adequate searches for responsive records violate FOIA.

32.     Plaintiff American Oversight is therefore entitled to injunctive and declaratory relief requiring Defendants to promptly make reasonable efforts to conduct adequate searches for records responsive to American Oversight's FOIA requests.

## COUNT II
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

33.      American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

34.      American Oversight properly requested records within the possession, custody, and control of Defendants.

35.      Defendants are agencies—and a component thereof—subject to and within the meaning of FOIA and must therefore release in response to a FOIA request any non-exempt records and provide a lawful reason for withholding any materials.

36.      Defendants are wrongfully withholding non-exempt agency records requested by American Oversight by failing to produce records responsive to American Oversight's FOIA requests.

37.      Defendants are wrongfully withholding non-exempt agency records requested by American Oversight by failing to segregate exempt information in otherwise non-exempt records responsive to American Oversight's FOIA requests.

38.      Defendants' failures to provide all non-exempt responsive records violate FOIA.

39.      Plaintiff American Oversight is therefore entitled to declaratory and injunctive relief requiring Defendants to promptly produce all non-exempt records responsive to its FOIA requests and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

## COUNT III
### Violation of FOIA, 5 U.S.C. § 552
### Failure to Grant Expedited Processing as to Treasury and HHS

40.     American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

41.     American Oversight properly requested records within the possession, custody, and control of Defendants Treasury and HHS on an expedited basis.

42.     Treasury is an agency subject to FOIA, and it must process FOIA requests on an expedited basis pursuant to the requirements of FOIA and Treasury department regulations.

43.     HHS is an agency subject to FOIA, and it must process FOIA requests on an expedited basis pursuant to the requirements of FOIA and HHS department regulations.

44.     The records sought relate to an activity of the federal government about which there is an urgent need to inform the public.

45.     Specifically, the records sought relate to a subject of heightened public and media interest implicating questions concerning the government's response to an urgent public health emergency that has already resulted in the deaths of nearly seventy-thousand U.S. residents.

46.     American Oversight is primarily engaged in disseminating information to the public.

47.     Therefore, the Coronavirus Sent Key Terms Requests justified expediting processing under FOIA.

48.     Defendants Treasury and HHS failed to ensure that a determination of whether to provide expedited processing was made and that notice of that determination was provided to American Oversight within ten days after the date the Coronavirus Sent Key Terms Requests were filed.

49.     The failure of Defendants Treasury and HHS to grant expedited processing of the Coronavirus Sent Key Terms Requests violated FOIA.

50.     Plaintiff American Oversight is therefore entitled to declaratory and injunctive relief requiring Defendants Treasury and HHS to grant expedited processing of the Coronavirus Sent Key Terms Requests.

## COUNT IV
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Denial of Expedited Processing as to State

51.     American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

52.     American Oversight properly requested records within the possession, custody and control of State.

53.     State is an agency subject to FOIA and must process FOIA requests on an expedited basis pursuant to the requirements of FOIA and State department regulations.

54.     The records sought relate to an activity of the federal government about which there is an urgent need to inform the public.

55.     Specifically, the records sought relate to a subject of heightened public and media interest implicating questions concerning the government's response to an urgent public health emergency that has already resulted in the deaths of nearly seventy-thousand U.S. residents.

56.     American Oversight is primarily engaged in disseminating information to the public.

57.     Therefore, the Coronavirus Sent Key Terms Request justified expediting processing under FOIA.

58.     State wrongfully denied expedited processing of the Coronavirus Sent Key Terms
Request.

59.     State's failure to grant expedited processing of the Coronavirus Sent Key Terms
Request violated FOIA and State department regulations.

60.     Plaintiff American Oversight is therefore entitled to declaratory and injunctive
relief requiring State to grant expedited processing of the Coronavirus Sent Key Terms Request.

### **REQUESTED RELIEF**

WHEREFORE, American Oversight respectfully requests the Court to:

(1) Order Defendants Treasury, State, and HHS to expedite the processing of American
Oversight's FOIA requests identified in this Complaint;

(2) Order Defendants Treasury, State, HHS, and CMS to conduct a search or searches
reasonably calculated to uncover all records responsive to American Oversight's
FOIA requests identified in this Complaint;

(3) Order Defendants Treasury, State, HHS, and CMS to produce, within twenty days of
the Court's order, or by such other date as the Court deems appropriate, any and all
non-exempt records responsive to American Oversight's FOIA requests and indexes
justifying the withholding of any responsive records withheld under claim of
exemption;

(4) Enjoin Defendants Treasury, State, HHS, and CMS from continuing to withhold any
and all non-exempt records responsive to American Oversight's FOIA requests;

(5) Award American Oversight attorneys' fees and other litigation costs reasonably
incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(6) Grant American Oversight such other relief as the Court deems just and proper.

Dated: May 5, 2020

Respectfully submitted,

*/s/ Christine H. Monahan*
Christine H. Monahan
D.C. Bar No. 1035590

AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(202) 869-5244
christine.monahan@americanoversight.org
*Counsel for Plaintiff*